IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, *Plaintiff,* vs. DREAM BIG PAC, and CLARENCE BURGESS OWENS also known as BURGESS OWENS, *Defendants*. | Case No. 1:22-cv-05638 Judge Edmond E. Chang Magistrate Judge Gabriel A. Fuentes **AMENDED COMPLAINT FOR DAMAGES** **JURY TRIAL DEMANDED** |

Plaintiff, Jorge Alejandro Rojas, ("Plaintiff") files this Amended Complaint[1] under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendants Dream Big PAC and Clarence Burgess Owens also known as Burgess Owens, (collectively "Defendants"), and alleges based on personal knowledge and information and belief:

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227 and its implementing regulations, 47 C.F.R § 64.1200.

---

[1] This Amended Complaint is filed pursuant to Fed. R. Civ. P. 15(a)(1)(A). Defendant Owen Burgess is terminated and replaced by Defendant Clarence Burgess Owens also known as Burgess Owens.

1

3. This case involves a campaign by Defendants which placed illegal, campaign-related pre-recorded and automated texts to Plaintiff's telephone number, which were not consented to.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the call was made.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant Dream Big PAC is a political action committee with a principal address of 824 S Milledge Ave Ste 101, Athens, GA 30605.

9. Defendant Clarence Burgess Owens also known as Burgess Owens is the Leadership PAC Sponsor of Defendant Dream Big PAC and has a mailing address of PO BOX 49 Riverton, UT 84065. Defendant Burgess Owens is also a representative in the United States Congress, but is sued in his personal capacity.

10. Defendants are each a person as defined by 47 U.S.C. § 153(39).

11. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

12. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

13. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

14. "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)". *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, (2016).

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

    [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

    I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

16. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

17. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

18. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express written consent of the called party." This includes political calls. *See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules – Biennial Reminder for Pol. Campaigns About Robocalls & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016).

19. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

## ALLEGATIONS

20. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

21. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

22. Plaintiff is the account holder and customary user of his phone number.

23. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

24. Plaintiff registered his phone number on the Do Not Call Registry to obtain solitude from invasive and harassing telemarketing calls. The call prevented Plaintiff from using his phone for legitimate purposes.

25. **Call 1.** On or about October 11, 2022, at 5:51 PM Chicago time, Plaintiff received a text from Defendants, from 872-298-1902.

26. The text identified above contained a picture of Bill Foster holding a sign that purports to read "I'm Worth $14 Million Dollars!", and text of "Bill Foster will always be able to afford gas and food - will we? Bill Foster is an elitist who has made life more challenging in the Black and Hispanic communities. Bill Foster is focused on transgender sports instead of making life affordable. It's time to replace Bill Foster. (Paid for by Dream Big PAC)   Stop=End".

27. Representative Foster, represents Illinois 11th Congressional District in the U.S. Congress.

28. Defendant Owens, as the leadership PAC sponsor for the Dream Big PAC, was in charge of its activities, including any telemarketing campaigns it performed.

29. The Dream Big PAC's website home page includes "A Letter from Burgess Owens" on its main website. https://dreambigpac.com.

30. A September 28, 2022 filing with the Federal Election Commission by Dream Big PAC lists Defendant Owens as the Leadership PAC Sponsor, along with Just Win Baby Victory Fund, and the Burgess Owens Victory Committee.

31. Defendants have availed themselves of this Court's jurisdiction by sending texts to Plaintiff, who currently resides in Illinois. Moreover, the texts are being sent to oppose an Illinois candidate, further demonstrating that these texts were targeted to reach Plaintiff.

32. Defendants worked in concert to communicate messages regarding its political campaigns. To generate support for their campaigns and causes, Defendants relied upon their automated messages.

33. "Stop=End" is a further indication that the messages sent by Defendants utilized an automatic telephone dialing system.

34. The text messages were sent en masse to many individuals and were pre-written and not personalized in nature. Plaintiff has never provided his consent to be called or texted to Defendants.
35. The conduct alleged in this action was made willful and knowingly.
36. Defendants' phone call utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.
37. Defendants did not have any consent to call Plaintiff.
38. Defendants are not an organization exempt from the TCPA.
39. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.
40. The impersonal and generic nature of Defendants' call shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the call.
41. In total, Defendants and/or their affiliates placed at least one (1) automated text message calls to Plaintiff.
42. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.
43. Defendants have a pattern and/or practice of failing to comply with the TCPA.
44. The foregoing acts and omissions were in violation of the TCPA.
45. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.
46. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).
47. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).
48. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

49. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.
50. Plaintiff is also entitled to an award of costs.
51. Defendants' call was not made for "emergency purposes."
52. Defendants' call to Plaintiff were made without any prior express written consent.
53. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.
54. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.
55. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.
56. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.
57. Plaintiff, in discovery will identify additional telephone calls made by Defendants' and or their agents or affiliates, and requests leave to amend the complaint after identifying.
58. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.
59. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.
60. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

61. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.
62. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasion in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.
63. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone call described above, in the amount of $500.00 for each.

64. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and or severally, in an amount to be more fully determined at trial, but at least $1,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;
B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);
C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);
D. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;
E. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;
F. Leave to amend this Complaint to conform to the evidence presented at trial; and
G. Any other relief this Court deems proper.

Respectfully submitted,

Dated: December 15, 2022 /s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582